```
 1  TEAL & MONTGOMERY
    STEVEN O. TEAL SBN 58454
 2  MICHAEL S. HENDERSON SBN 175608
    815 Fifth Street, Suite 200
 3  Santa Rosa, CA  95404
    Telephone:  (707) 525-1212
 4  Facsimile:  (707) 544-1388

 5  Attorneys for Plaintiff
    SUSAN BEERMAN
 6

 7  SEDWICK, DETERT, MORAN & ARNOLD LLP
    REBECCA A. HULL (Bar No. 99802)
 8  TARA L RIEDLEY (Bar No. 236508)
    One Market Plaza
 9  Steuart Tower, 8th Floor
    San Francisco, California 94105
10  Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
11
    ATTORNEYS FOR DEFENDANTS
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BEERMAN,<br><br>                    Plaintiff,<br><br>    v.<br><br>GENENTECH, INC., GENENTECH, INC., GROUP LONG TERM DISABILITY BENEFIT PLAN, and DOES 1 through 50, Inclusive,<br><br>                    Defendants. | Case No.  C -06-0827 MMC<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING THE DEADLINE TO COMPLETE MEDIATION AND FOR PLAINTIFF TO FILE A MOTION FOR RULING ON THE STANDARD OF REVIEW** |

1      The parties, by and through their counsel of record, do hereby stipulate to and request a
2 order: (1) continuing the deadline to complete mediation from August 10, 2006, to December 1,
3 2006, and (2) continuing the deadline for plaintiff to file a motion for ruling on the standard of
4 review from September 29, 2006 to October 15, 2006. This stipulation and request is entered
5 into based on the following facts:

6     1.    This is disability claim governed by the Employee Retirement Income Security Act
7 ("ERISA").

8     2.    Plaintiff intends to seek a ruling the standard of review which the Court will
9 employ in reviewing the Defendants' decision to terminate Plaintiff's disability benefits. Plaintiff
10 believes that the standard of review must be de novo, while Defendants believe it must be abuse
11 of discretion. Which standard of review will be applied could materially effect the negotiating
12 positions of the parties and, therefore, should be determined before mediation.

13    3.    Plaintiff believes that she is entitled to conduct discovery in order to gain evidence
14 concerning an alleged conflict of interest on the part of the claims administrator, which Plaintiff
15 believes affected the claims administrator's decision to terminate Plaintiff's benefits. Plaintiff
16 contends that such a conflict of interest may trigger a de novo review of her disability claim.
17 Defendant disputes the right of Plaintiff to conduct discovery, and disputes the conclusion that a
18 conflict of interest is sufficient to trigger de novo review.

19    4.    This dispute over the right to conduct discovery must be resolved before a ruling
20 on the standard of review is sought by the parities. Plaintiff was to have served discovery on
21 Defendants by the end of May, 2006. Plaintiff's counsel was delayed in doing so by reason of
22 an appellate briefing due to the California Court of Appeal, First Appellate District, in <u>Monroe</u>
23 <u>v. Health Net of California, Inc.</u>, Case No. A111815. Plaintiff will serve discovery on
24 Defendants by June 30, 2006.

25    5.    It is anticipated that Plaintiff will file a motion to compel responses to discovery,
26 which will then place before the court the issue of whether and to what extent discovery is allowed
27 in this case. Because of the delay in propounding discovery, a motion to compel will not be filed
28 until approximately August 15, 2006, with a hearing likely some time in mid-September 2006.

STIPULATION AND [PROPOSED] ORDER                                         Page 2
C 06 0827 MMC

1      6.     Once the right to conduct discovery is resolved and discovery completed, Plaintiff will move for an order on the standard of review. Plaintiff anticipates filing a motion by mid-October 2006, with a hearing likely some time in mid-November 2006.

    7.     Accordingly, the parties believe that mediation can be completed by December 1, 2006.

    8.     A conference call was held with the Court appointed mediator, Jeffrey Lewis, on June 13, 2006, during which these timing issues were discussed. The mediator agreed that a continuance of the deadline to complete mediation was appropriate and necessary, and authorized the parties to so inform the Court in support of this stipulation and request for continuance.

**IT IS SO STIPULATED**

Dated: ~~June~~ July 11, 2006

TEAL & MONTGOMERY

By: _____
MICHAEL S. HENDERSON
Attorneys for Plaintiff

Dated: ~~June~~ July 11, 2006

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
REBECCA A. HULL
Attorneys for Defendants

STIPULATION AND [PROPOSED] ORDER
C 06 0827 MMC

|   |   |   |
|---|---|---|
| 1 | | **[PROPOSED] ORDER** |
| 2 | | Upon stipulation of the parties, and good cause appearing therefore, |
| 3 | **IT IS HEREBY ORDERED:** | |
| 4 | 1. | The mediation deadline of August 10, 2006, is continued to  December 1  , |
| 5 | | 2006. |
| 6 | 2) | The deadline for Plaintiff to file a motion for ruling on the standard of review is |
| 7 | | continued from September 29, 2006, to  October 15  , 2006. |

Date:  July 24, 2006

*/s/ Maxine M. Chesney*
HON. MAXINE M. CHESNEY