IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN BEERMAN,

    Plaintiff,

  v.

GENENTECH, INC., et al.,

    Defendants.

_____/

No. C-06-0827 MMC

**ORDER RE: PLAINTIFF'S MOTION FOR RULING ON THE STANDARD OF REVIEW**

(Docket No. 24)

    Before the Court is plaintiff Susan Beerman's Motion for Ruling on the Standard of Review, filed October 12, 2006, by which motion plaintiff seeks an order that defendants' termination of plaintiff's long term disability benefits ("LTD benefits") is subject to de novo review. Defendants Genentech, Inc. ("Genentech") and Genentech Inc. Group Long Term Disability Benefit Plan ("Plan") have filed a joint opposition to plaintiff's motion, to which plaintiff has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the November 17, 2006 hearing, and rules as follows.

## BACKGROUND

    In the instant action, brought pursuant to the Employee Retirement and Income Security Act of 1974 ("ERISA"), plaintiff seeks to recover LTD benefits under the Plan, pursuant to the long term disability insurance policy ("Policy") issued by Metropolitan Life Insurance Company ("MetLife") to Beerman's former employer, Genentech. According to

plaintiff, Genentech is the administrator of the Plan, and MetLife is the claims administrator. (See Compl. ¶¶ 11-12.)

Plaintiff alleges that, on or about August 29, 1999, she became "totally disabled due to cervical disc disease, degenerative disc disease, fibromyalgia and severe migraine headaches." (See id. ¶ 12.) Plaintiff further alleges MetLife initially approved her claim for LTD benefits, and she received LTD benefits from February 26, 2000 through February 13, 2005. (See id. ¶ 13.)

On February 13, 2005, MetLife terminated payment of LTD benefits to plaintiff. (See id.) Plaintiff alleges she timely appealed the termination of her LTD benefits, (see id. ¶ 14), and, on September 20, 2005, MetLife denied plaintiff's appeal. (See id. ¶ 18.)

On February 7, 2006, plaintiff filed the instant action against Genentech and the Plan.[1] Plaintiff asserts two causes of action against defendants for violation of ERISA. In the first cause of action, plaintiff asserts a claim for recovery of LTD benefits, pursuant to 29 U.S.C. § 1132(a)(1)(B). (See id. ¶¶ 19-22.) In the second cause of action, brought pursuant to 29 U.S.C. §§ 1024(b)(4), 1132(a)(1)(A), and 1132(c)(1), plaintiff alleges Genentech violated its duties under the Plan by refusing to produce to plaintiff, within thirty days of her written request, a copy of all Plan documents and the most recent financial statement for the Plan. (See id. ¶¶ 23-25.)

Pursuant to the instant motion, which the Court construes as a motion for summary judgment on the standard of review, plaintiff seeks a ruling that the termination of her LTD benefits is subject to de novo review.

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] MetLife is not a defendant to the instant action.

2

judgment as a matter of law." See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  See id.  The court may not weigh the evidence.  See id. at 255.  Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor."  See id.

## DISCUSSION

Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"  See 29 U.S.C. § 1132(a)(1)(B).  The Supreme Court has held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  "[U]nless plan documents unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the Plan, the standard of review will be de novo."  Sandy v. Reliance Standard Life Ins., 222 F.3d 1202, 1207 (9th Cir. 2000).  Where the plan documents do suffice to confer such discretionary authority, however, the district court reviews the administrator's decision only for abuse of discretion and "can set aside the administrator's discretionary determination only when it is arbitrary and capricious."  See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2003).

In the instant case, the Plan provides:

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan.

(See Henderson Decl. Ex. A at ADMIN 0034.)[2]  The Ninth Circuit has found similar language to be sufficient to confer discretionary authority, thus mandating review for abuse of discretion.  See, e.g., Jordan, 370 F.3d at 875 (holding phrase "Travelers has the discretion to construe and interpret the terms of the Plan and the authority and responsibility to make factual determinations" sufficient to "unambiguously confer[ ] discretion on the administrator"); see also Ingram v. Martin Marietta Long Term Disability Plan, 244 F.3d 1109, 1113 (9th Cir. 2001) (noting if insurers want discretion, "[i]t is not difficult to write, 'The plan administrator has discretionary authority to grant or deny benefits under this plan.'")

      Plaintiff argues, however, that even if the above-referenced language is sufficient to confer discretionary authority on Genentech, there is no Plan documentation expressly authorizing Genentech to delegate its fiduciary responsibilities under the Plan, or its discretionary authority under the Plan, to MetLife.  (See Motion at 2:28-3:3.)  Plaintiff argues that, "[a]bsent such express authorization by the LTD Plan, Genentech could not legally delegate its fiduciary responsibilities, nor its discretionary authority to perform those responsibilities, to MetLife."  (See id. at 3:3-5.)  In particular, plaintiff contends, "[w]hat is missing from the LTD Plan is any authorization, pursuant to 29 U.S.C. § 1105(c)(1),[3] for Genentech to designate MetLife as a plan fiduciary, or to delegate discretionary authority to MetLife to carry out Genentech's responsibilities as Plan Administrator."  (See id. at 4:20-23.)

---

[2] The parties have submitted different versions of the Plan.  (Compare Henderson Decl. Ex. A with Hull Decl. Ex. 1.)  Although defendant contends the version submitted by plaintiff is outdated, defendant also concedes "the language conferring discretion on the Plan administrator and the other fiduciaries is the same" in both versions.  (See Opp. at 2 n.1.)  As the relevant Plan language is identical, the Court, for purposes of the instant motion, need not determine which version of the Plan controls, and all citations to the LTD policy in the instant order will be to the version submitted by plaintiff.

[3] Section 1105(c)(1) provides, in relevant part: "The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities . . . among named fiduciaries, and (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities . . . under the plan."  See 29 U.S.C. § 1105(c)(1).

As discussed below, however, the Plan itself grants fiduciary responsibilities to MetLife and further grants discretionary authority to all Plan fiduciaries. Consequently, there is no need for Genentech to delegate any of its authority to MetLife.

To begin with, under ERISA, a person is a "fiduciary" if, inter alia:

> (i) he . . . exercises any authority or control respecting management or disposition of assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

See 29 U.S.C. § 1002(21)(A). Thus, "[a]ny control over disposition of plan money makes the person who has the control a fiduciary[.]" See IT Corp. v. Gen. Am. Life Ins. Co., 107 F.3d 1415, 1421 (9th Cir. 1997). Additionally, "a plan employee who has final authority to authorize or disallow benefit payments in cases where a dispute exists is a fiduciary." See id. at 1420 (internal quotation and citation omitted). Under § 1002(21)(A), "a person's actions, not the official designation of his role, determine whether he enjoys fiduciary status." Acosta v. Pacific Enterprises, 950 F.2d 611, 618 (9th Cir. 1992).

Here, the Plan provides that the Plan "is insured" by MetLife, (see Henderson Decl. Ex. A at ADMIN 0032), and that any claim for benefits must be submitted to the employer, who "will then forward the claim form to" MetLife, (see id. at ADMIN 0033). The Plan expressly defines the word "we" as used in the Plan to refer to Metlife, (see id. at ADMIN 0011), and further provides: "When we receive proof that you are Disabled, we will pay a Monthly Benefit in accordance with the Schedule of Benefits," (see id. at ADMIN 0020). The Plan additionally provides that if a claim is denied in whole or in part, the claimant may request review thereof by MetLife. (See id. at ADMIN 0033.) Plaintiff concedes that "[t]here is no doubt that under the insurance policy issued by MetLife, it adjusts claims made against the LTD Plan." (See Reply at 3:1-2.) Because MetLife, pursuant to the terms of the Plan, is authorized to pay benefits to claimants, it is a Plan fiduciary. See 29 U.S.C. § 1002(21)(A); see also IT Corp., 107 F.3d at 1421 (holding entity who has authority to write checks on plan funds is plan fiduciary).

Plaintiff's argument that Genentech has not properly delegated its discretionary authority under the Plan to MetLife, pursuant to 29 U.S.C. § 1105(c)(1), is unpersuasive.

1  As noted, the Plan unambiguously states that "the Plan administrator and other Plan
2  fiduciaries shall have discretionary authority to interpret the terms of the Plan and to
3  determine eligibility for and entitlement to Plan benefits in accordance with the terms of the
4  Plan." (See Henderson Decl. Ex. A at ADMIN 0033 (emphasis added).  The Plan thus
5  grants discretionary authority to any and all entities who are Plan fiduciaries, a category
6  which, as discussed above, includes MetLife.

7  All of the cases upon which plaintiff relies are distinguishable.[4]  In each such case,
8  the issue was whether a named fiduciary with exclusive discretionary authority under the
9  plan at issue had properly delegated that discretionary authority to another entity.  For
10 example, in Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d
11 1279 (9th Cir. 1990), upon which plaintiff relies, the plan at issue provided that an
12 administration committee appointed by ITT had "the exclusive right . . . to interpret the
13 Plan," and further provided that the committee could "delegate its authority with respect to
14 the denial, granting, and administration of claims to a claim administrator."  See id. at
15 1284.[5]  Here, as defendants point out, the Plan, unlike the plan in Madden,[6] expressly
16 grants discretionary authority not only to the plan administrator, but also to all other plan
17 fiduciaries.  (See Henderson Decl. Ex. A at ADMIN 0034.)  As discussed above, MetLife
18 itself is a fiduciary under the Plan.  Consequently, there is no need for Genentech, the plan

---

[4] The Court disregards plaintiff's citation to two unpublished Ninth Circuit decisions. "Unpublished dispositions and orders" of the Ninth Circuit "are not binding precedent," and "may not be cited to or by the courts of [the Ninth] [C]ircuit," except in circumstances not applicable here.  See 9th Cir. R. 36-3.  Newly-adopted Federal Rule of Appellate Procedure 32.1 is inapplicable to unpublished decisions issued prior to January 1, 2007.

[5] Pursuant to that provision, the committee appointed MetLife to act as claim administrator, see id., and the Ninth Circuit held such delegation constituted an express grant of discretionary authority, see id. at 1285.

[6] The other two published opinions upon which plaintiff relies, Shane v. Albertson's Inc. Employees' Disability Plan, 381 F. Supp. 2d 1196, 1203 (C.D. Cal. 2005) and Murch v. The Prudential Welfare Benefit Plan, 2006 U.S. Dist. LEXIS 32613, *8-9 (W.D. Wash. 2006), are distinguishable for the same reason.  In both Shane and Murch, as in Madden, the plan at issue granted exclusive discretionary authority to someone other than the claims administrator, and the issue was whether such authority had been properly delegated to the claims administrator.  See Shane, 381 F. Supp. 2d at 1203; Murch, 2006 U.S. Dist. LEXIS at *8-9.

administrator, to delegate its discretionary authority to MetLife. By the plain language of the Plan, MetLife already has been granted such authority.

Accordingly, the Court will review MetLife's decision to terminate plaintiff's benefits in the instant case for abuse of discretion.

### CONCLUSION

For the reasons set forth above, plaintiff's Motion for Ruling on the Standard of Review, by which motion plaintiff seeks a ruling that defendants' termination of plaintiff's long-term disability benefits is subject to de novo review, is hereby DENIED. The Court will review the matter for abuse of discretion.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated: December 5, 2006

_____
MAXINE M. CHESNEY
United States District Judge